IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ALBERT D. TANNER,**

    **Petitioner,**

    v.                                          Case No. 2:05-cv-00076
                                               JUDGE GRAHAM

**JEFFERY WOLFE, Warden,**            Magistrate Judge KING

    **Respondent.**

**ORDER and
REPORT AND RECOMMENDATION**

    Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's motion to stay proceedings, petitioner's reply, and petitioner's motion to amend the petition to include an additional claim of ineffective assistance of counsel.

    Petitioner's unopposed motion to amend the petition to include additional claim of ineffective assistance of counsel (Doc. No. 17) is **GRANTED**. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that respondent's request for a stay (Doc. No. 13) be **GRANTED**. The Magistrate Judge further **RECOMMENDS** that petitioner be directed to advise this Court every ninety (90) days of the status of state court proceedings, and within thirty (30) days of completion of state court action. Finally, the Magistrate Judge **RECOMMENDS** that petitioner be advised that his failure to comply with the foregoing may result in dismissal of this action.

**I. PROCEDURAL HISTORY**

According to the petition, this case involves petitioner's March 19, 2003, convictions after a jury trial in the Muskingum County Court of Common Pleas on two counts of receiving stolen property, in violation of O.R.C. §2913.01 and §2913. 51, and two counts of failure to comply with the order or signal of a police officer, in violation of O.R.C. §2921.331. *See also State v. Tanner*, 2003 WL 23519429 (Ohio App. 5 Dist. December 24, 2003). Petitioner was sentenced to six years incarceration. On December 24, 2003, the state appellate court affirmed petitioner's convictions and sentence and, on May 12, 2004, the Ohio Supreme Court dismissed petitioner's subsequent appeal. Petitioner apparently filed two post conviction actions in the state trial court. In the first such action, petitioner asserted the ineffective assistance of his trial counsel. The trial court denied the petition and on August 31, 2004, the state appellate court affirmed the trial court's decision. *State v. Tanner*, 2004 WL 2003390 (Ohio App. 5th Dist. August 31, 2004). On January 26, 2005, the Ohio Supreme Court dismissed petitioner's appeal. *State v. Tanner*, 104 Ohio St.3d 1461 (2005). In his second post conviction action, petitioner asserted, *inter alia*, that his sentence violates *Blakely v. Washington*, 124 S.Ct. 2531 (2004). *See* Exhibit 22 to *Respondent's Motion for Stay*. On March 24, 2005, the trial court denied the petition. Exhibit 25 to *Respondent's Motion for Stay*. It appears from the record before this Court that such action remains pending in the state court of appeals. *See* Exhibit 26 to *Respondent's Motion for Stay*.

On January 24, 2005, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. O.R.C. 2921.331(B), (C), is unconstitutional in its additional sentencing factors, and Section (D) is in conflict.

> Section (D) of O.R.C. 2921.331 is in conflict with the governing sentencing principle of O.R.C. 2929.14(E)(3), thus making petitioner's sentence contrary to law.
>
> 2. Petitioner's direct appeal is unconstitutional because it was based on an incomplete record.
>
> Petitioner's direct appeal was based on an incomplete record. Petitioner asserts that the record was needed to support several issues in his appeal and further needed to raise several other claims that could not be raised due to a portion of the record being left out by appellate counsel and the State of Ohio.
>
> 3. The Fifth District Court of Appeals judgment is [in] plain error.
>
> The appellate court failed to recognize plain error on consecutive sentencing in this case pursuant to petitioner being sentenced on the felony of the highest degree to more than the maximum allowed, and that the record [sic] does not support the worst form of the offense, and is in conflict with the definition of substantial risk, strong possibility of serious physical harm when the P.S.I. showed only a significant possibility.

On July 15, 2005, petitioner filed a motion to amend his petition, which motion has been granted, to include the following additional claim:

> 4. Petitioner was denied his Sixth Amendment right to the effective assistance of trial counsel.

As noted by respondent, petitioner appears to assert, among other allegations, that his sentence violates *Blakely v. Washington, supra*. *See Petitioner's Amendment to Petition*, at 2. Further, and contrary to petitioner's contention here, it appears from the record before this Court that such claim is still pending before the Fifth District Court of Appeals and is therefore unexhausted. *See* Exhibit 26 to *Respondent's Motion for Stay*.

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993

3

F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

Petitioner has failed to meet his burden. The Magistrate Judge therefore **RECOMMENDS** that respondent's request for a stay of proceedings pending petitioner's exhaustion of state court proceedings (Doc. No. 13) be **GRANTED.** *See Rhines v. Weber*, 125 S.Ct. 1528, 1533-35 (2005); *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002). The Magistrate Judge further **RECOMMENDS** that petitioner be directed to advise this Court every ninety (90) days of the status of state court proceedings, and within thirty (30) days of completion of state court action. Finally, the Magistrate Judge **RECOMMENDS** that petitioner be advised that his failure to comply with the foregoing may result in dismissal of this action.

Petitioner's unopposed motion to amend the petition to include a claim of ineffective assistance of counsel (Doc. No. 17) is **GRANTED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the

4

objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


<u>August 15, 2005</u>                                              <u>    s/Norah McCann King    </u>
                                                                         Norah McCann King
                                                                         United States Magistrate Judge