IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ALBERT D. TANNER,**

    **Petitioner,**

  v.                                                  Case No. 2:05-cv-00076
                                                          JUDGE GRAHAM
**JEFFERY WOLFE, Warden,**            Magistrate Judge King

    **Respondent.**

## OPINION AND ORDER

On November 29, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that all of petitioner's claims, with the exception of the claim that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), be dismissed, that the petition for a writ of habeas corpus be conditionally granted on petitioner's *Blakely* claim and that petitioner's sentence be vacated and petitioner released from incarceration unless the State of Ohio re-sentences him within ninety (90) days. Doc. No. 33. Respondent has filed objections to the Magistrate Judge's *Report and Recommendation*. Doc. No. 35.

Respondent objects solely to the Magistrate Judge's recommendation that the petition for a writ of habeas corpus be conditionally granted on petitioner's *Blakely* claim. As he did before the Magistrate Judge, respondent again argues that the claim is procedurally defaulted. Respondent also contends that, even assuming that the Ohio Court of Appeals improperly applied O.R.C. §2953.23(a)(1)(a) to bar consideration of the merits of petitioner's *Blakely* claim in a successive and untimely post conviction proceedings, a claim under *Blakely* would never satisfy the requirements of O.R.C. §2953.23(A)(1)(b) so as to permit consideration of such a claim in an untimely or

successive post conviction petition. *Objections*, at 1-4. Respondent also argues that *Greer v. Mitchell*, 264 F.3d 663, 674-75 (6th Cir. 2001)("[W]hen the record reveals that the state court's reliance on its own rule of procedural default is misplaced, we are reluctant to conclude categorically that federal habeas review of the purportedly defaulted claim is precluded"), is distinguishable from this case because *Greer* involved the state court's application of Ohio's doctrine of *res judicata*. *Objections*, at 4. Respondent again argues that petitioner cannot establish prejudice from any *Blakely* violation because his sentence fell within the applicable statutory range and because, after remand, the state court may properly impose the same sentence. *Id*., at 7. According to respondent, any *Blakely* error is therefore harmless. *See Washington v. Recuenco*, 125 S.Ct. 2546 (2006). Finally, respondent argues that the state court's denial of petitioner's *Blakely* claim was not objectively unreasonable within the meaning of 28 U.S.C. §2254(d) in view of the "confusion and uncertainty surrounding *Blakely*" during the relevant time period and because "state and federal courts struggled to" interpret and apply *Blakely*. *Objections*, at 9.

      This Court is not persuaded by respondent's arguments. Respondent has not referred to, and this Court is not aware of, any cases applying *Washington v. Recuenco, supra,* to conclude that a *Blakely* error is harmless simply because the trial court may impose the same sentence upon remand. Additionally, the timing of the Ohio Supreme Court's consideration of *Blakely* in passing on the constitutionality of Ohio's sentencing scheme in *State v. Foster*, 109 Ohio St.3d 1 (2006), is not determinative since *Blakely* was decided before petitioner's convictions became final. Regardless of any lack of consensus or struggle by state or federal courts to apply *Blakely* to state and federal sentencing schemes, for the reasons discussed by the Ohio Supreme Court in *Foster, supra*, this Court likewise concludes that the decision of the Ohio Court of Appeals denying petitioner's *Blakely*

claim was contrary to or an unreasonable application of clearly established federal law, as determined by the United States Supreme Court.

> A federal court may grant the writ under the "unreasonable application" clause "if the state court correctly identifies the governing legal principle from [the Supreme Court's] decisions but unreasonably applies it to the facts of the particular case." *Cone,* 535 U.S. at 694; *see also Andrade*, 538 U.S. at 75; *Williams,* 529 U.S. at 409. ... "[A]n unreasonable application of federal law is different from an incorrect application of federal law." Williams, 529 U.S. at 410. [FN6] "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. [FN7]
>
> FN6. *See also Andrade*, 538 U.S. at 75 (lower court erred by equating "objectively unreasonable" with "clear error"; "These two standards, however, are not the same. The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); *Woodford v. Visciotti*, 537 U.S. 19, 25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (*per curiam*) (holding that the lower court "did not observe this distinction [between an incorrect and an unreasonable application of federal law], but ultimately substituted its own judgment for that of the state court, in contravention of 28 U.S.C. § 2254(d)."); *Cone*, 535 U.S. at 698-99 ("For [a habeas petitioner] to succeed ..., he must do more than show that he would have satisfied *Strickland'* s test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly."); *Williams,* 529 U.S. at 411 ("Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.").
>
> FN7. *See also Brown v. Payton*, 544 U.S. 133, 125 S.Ct. 1432, 1442, 161 L.Ed.2d 334 (2005) ("Even were we to assume the " 'relevant state-court decision applied clearly established federal law erroneously or incorrectly," ' ... there is no basis for further concluding that the application of our precedents was 'objectively unreasonable." ') (citations omitted).

3

*Leavy v. Turner*, 2006 WL 1579553 (W.D. Tenn. June 1, 2006); *see also Wade v. White,* 368 F.Supp.2d 695, 699 (E.D. Mich. 2005), citing *Brown v. Payton, supra*.

In rejecting petitioner's post conviction petition, the state appellate court held that *Blakely* had "no application" to petitioner's case because petitioner "was not sentenced to more than the prescribed statutory maximum." Exhibit 27 to Return of Writ. That decision was an objectively unreasonable application of *Blakely* because the fact that petitioner's sentence fell within that authorized by the statute of conviction simply does not render *Blakely* inapplicable. As discussed in the Magistrate Judge's *Report and Recommendation*, the United States Supreme Court in *Blakely* made clear that the "statutory maximum" for *Apprendi* purposes is "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely*, at 232. The trial court in this case imposed maximum and consecutive sentences under Ohio statutes that required judicial fact finding for the imposition of such sentence. *See State v. Foster, supra*, 109 Ohio St.3d at 15-16. *See also Id.,* at 18 (Unlimited judicial discretion to sentence within a range is not currently authorized by statute. If required judicial facts are not found, certain sentences may not be imposed. ) Therefore, petitioner's sentence violated *Blakely*.

Finally, and for the reasons discussed at length in the Magistrate Judge's *Report and Recommendation*, this Court likewise concludes that petitioner reasonably fairly and promptly presented his *Blakely* claim to the state courts at the first opportunity and that the claim is not barred from federal habeas corpus review as procedurally defaulted.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by respondent and by petitioner. After careful review of the entire record, for all of the foregoing reasons and for the reasons detailed in the

Magistrate Judge's *Report and Recommendation,* respondent's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** All of petitioner's claims, with the exception of his claim that his sentence violated *Blakely,* are **DISMISSED**. The petition for a writ of habeas corpus is conditionally **GRANTED** on petitioner's claim that his sentence violated *Blakely*. Petitioner's sentence is **VACATED**, and petitioner is to be released from incarceration, unless the State of Ohio re-sentences him within ninety (90) days.

      It is to ORDERED.

                                      s/James L. Graham  
                                      JAMES L. GRAHAM  
                                      United States District Judge

DATE: February 21, 2007